[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14766
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00036-CR-7-CLS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC EARL NOLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 22, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Cedric Earl Noland appeals his 48-month sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Noland raises two challenges to his sentence. First, Noland asserts his sentence is substantively unreasonable because it exceeded the Guideline range. Second, Noland argues his sentence is substantively unreasonable because certain § 3553(a) factors relied on by the district court in reaching its sentencing decision were already subsumed in the Guidelines.

I.

The district court found Noland had an extensive criminal history, beginning when he was 12 years old and consisting of at least 14 criminal convictions. The district court additionally noted the significant public safety risks created by Noland when he fled police while displaying a loaded firearm. Finally, the district court agreed with the Government and Noland's own counsel that Noland had a pressing need to receive drug treatment and vocational training while incarcerated.

There is no basis on which to conclude the district court made a clear error in judgment in weighing the § 3553(a) factors, and therefore, the court's decision is entitled to due deference. *See United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009); *see also Gall v. United States*, 128 S. Ct. 586, 597 (2007). Moreover,

2

the district court expressly considered all of the relevant factors and imposed a sentence that was sufficient, but not greater than necessary, to comply with the purposes of sentencing. *See* 18 U.S.C. § 3553(a). Because "there is a range of reasonable sentences from which the district court may choose," and the § 3553(a) factors supported the court's determination of an appropriate sentence in this case, the district court did not abuse its discretion and imposed a reasonable sentence. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

## II.

As an additional argument that the upward variance applied was unreasonable, Noland asserts several of the § 3553(a) factors considered by the district court in applying the upward variance are already subsumed in the Guidelines, and therefore cannot properly be used for such variation. Noland provides no case authority for this assertion, however.

A plain reading of § 3553(a) reveals whether or not there may be some overlap between the considerations that inform a Sentencing Guideline and certain factors listed in § 3553(a), all are to be considered by a court in arriving at a sentencing decision. To ignore one or several § 3553(a) factors because the Guidelines are also being considered, as Noland advocates, would run afoul of the statute itself, as well as established Supreme Court and Eleventh Circuit precedent

interpreting and applying the statute. *See Gall*, 128 S. Ct. at 596 (explaining a district court should begin "by correctly calculating the applicable Guidelines range" and "then consider all of the § 3553(a) factors"); *Talley*, 431 F.3d at 786 (the Sentencing Guidelines are to be considered along with the remaining items listed in § 3553(a)); *see also United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("[t]he weight to be accorded any given statutory factor is matter committed to sound discretion of district court").

Section 3553(a) expressly provides that the sentencing range (§ 3553(a)(7)) is to be considered along with, for example, the nature of the offense and the characteristics and history of the defendant (§ 3553(a)(1)), and the need to reflect the seriousness of the offense and to provide just punishment for the offense (§ 3553(a)(2)). Consistent with the statutory scheme, the Supreme Court and this Court have indicated the Sentencing Guidelines must be considered concurrently with the § 3553(a) factors, including enumerated offense and offender characteristics. *See Gall*, 128 S. Ct. at 596; *Talley*, 431 F.3d at 786. Noland provides no case authority for his argument to the contrary, and it should therefore be rejected on the authority of *Gall*, *Talley*, and § 3553(a). *Cf. Amedeo v. United States*, 487 F.3d 823, 833 (11th Cir. 2007) ("*Amedeo II*") ("[A]s for Amedeo's argument that certain aspects of his conduct (such as the abuse of the attorney-

4

client relationship) had already been considered in imposing an *enhancement* under U.S.S.G. § 3B1.3, Amedeo points to no authority that deems it impermissible for the district court to also have considered this conduct in imposing a variance in light of the factors set forth in § 3553(a).") (emphasis in original). We, therefore, conclude there was no abuse of discretion by the district court in considering § 3553(a) factors that may overlap considerations of the Sentencing Guidelines.

Upon review of the record and consideration of the parties' briefs, we affirm Noland's sentence.

**AFFIRMED.**